UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Darla Garvey, | Civ. No. 10-3602 (PJS/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States Postal Service, | |
| Defendant. | |

_____

This matter is before the Court on Defendant's motion to dismiss. (Dkt. 11). The motion has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the motion be granted.

I. **BACKGROUND**

Plaintiff Darla Garvey commenced this action against the United States Postal Service in Conciliation Court in Washington County District Court, Tenth Judicial District, State of Minnesota, on or about August 3, 2010. The Government removed this action to federal court on August 18, 2010. On October 7, 2010, the Government moved to dismiss Garvey's action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Garvey, who is proceeding pro se, has not responded to the Government's motion to dismiss, and she did not appear at the hearing on the motion held on December 10, 2010. The Government has filed a certificate of service attesting to the fact that it served Garvey with copies of its moving papers via first class mail on October 7, 2010. (Dkt. 15).

In her "Statement of Claim", in the Conciliation Court below, Garvey alleges that in February of 2010, a postal worker "ill advised" her to purchase passport cards rather than passport books for her family. (Dkt. 1-1, at p. 1 of 2). Garvey alleges that the postal worker stated that the passport cards could be used for travel to Mexico and Canada, but failed to explain that the cards could not be used for air travel to those countries. Plaintiff claims damages in the amount of $1,794.00, for airfare, lodging, and the cost of the passport cards and emergency passport books.

In support of its motion to dismiss, the Government has submitted the Affidavit of Linda K. Crump, who is a tort claims examiner for the Postal Service. (Crump Aff., Dkt. 14, at ¶ 1). Crump avers that she has access to records regarding all administrative claims that are submitted to the Postal Service, whether they are submitted at the national or local level. (Id. at ¶s 2-6). According to Crump, there is no record of Garvey filing an administrative claim with the Postal Service. (Id.)

## II. DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(1) challenges the court's subject matter jurisdiction and requires the court to examine whether it has authority to decide the claims. Uland v. City of Winsted, 570 F.Supp.2d 1114, 1117 (D. Minn. 2008). "Because jurisdiction is a threshold question, the court may look outside the pleadings in order to determine whether subject matter jurisdiction exists." Green Acres Enterprises, Inc. v. United States, 418 F.3d 852, 856 (8th Cir. 2005). The burden of establishing the existence of subject matter jurisdiction lies with the plaintiff. Id.

The defendant in this matter is an agency of the United States. "Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued." Miller v. Tony and Susan Alamo Foundation, 134 F.3d 910, 915 (8th Cir. 1998), citing United States v. Dalm, 494 U.S. 596, 608 (1990). "This consent must be unequivocally expressed in statutory text . . . and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." Id., citing United States v. Nordic Village, Inc., 503 U.S. 30, 34, 37 (1992).

Garvey has not explicitly identified the legal basis for her claim. Nevertheless, "pro se complaints are to be construed liberally." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)[citation omitted]. In liberally construing her pleading, it appears that Garvey may be attempting to assert a claim for negligence. The Federal Tort Claims Act "waives federal sovereign immunity and grants federal district courts jurisdiction over a certain category of claims against the United States only to the extent that a private person, under like circumstances, would be liable to the plaintiff under the substantive law of the state where the alleged wrongful conduct took place." Green Acres Enterprises, 418 F.3d at 856, citing Washington v. Drug Enforcement Admin., 183 F.3d 868, 873 (8th Cir. 1999).

However, "[a] federal district court does not have jurisdiction over an FTCA claim unless it was 'first presented to the appropriate federal agency within two years of when the claim accrued." Allen v. United States, 590 F.3d 541, 544 (8th Cir. 2009), quoting Walker v. United States, 176 F.3d 437, 438 (8th Cir. 1999); see also, 28 U.S.C. § 2675(a)("An action shall not be instituted upon a claim against the United States . . . caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency"); McCoy v. United States, 264 F.3d 792, 794 (8th Cir. 2001)("An action may not be

commenced in federal court under the FTCA unless the plaintiff has first presented his claim to the appropriate federal agency, and that claim has been denied."), cert. denied, 535 U.S. 1053 (2002).

Here, Garvey has not alleged that she filed an administrative claim, nor has she offered any response to the Government's evidence establishing that she did not file an administrative claim with the appropriate agency – namely, the United States Postal Service.  Therefore, the FTCA's limited waiver of sovereign immunity is not available to her.  See, Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993)("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant"), cert. denied, 510 U.S. 1109 (1994).  Accordingly, it is recommended that Defendant's motion to dismiss be granted.  However, without deciding, since the two year statute of limitations does not appear to have yet expired, the Court recommends that Garvey's claim be dismissed without prejudice.

### III. RECOMMENDATION

Based on the foregoing and all of the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss [Docket No. 11] be GRANTED;

2. That this action be **DISMISSED** without prejudice, for lack of subject matter jurisdiction.

DATED: December 13, 2010

s/
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by December 27, 2010,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.